[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14448
Non-Argument Calendar

_____

D. C. Docket No. 07-20893-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS FERNANDEZ,
a.k.a. Chata,
a.k.a. Octavio Serna,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 17, 2009)**

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Appellant Juan Carlos Fernandez appeals his 132 month sentence for conspiracy to distribute cocaine and heroin, in violation of 21 U.S.C. § 846. The district court sentenced Fernandez within the guidelines. On appeal, Fernandez argues that within guideline sentences may produce unjust results and are not *per se* reasonable, and a sentence at the low end of the guidelines or at the statutory minimum of 120 months would have been reasonable in his case. Fernandez acknowledges that he is an alien and will be subject to removal based on his aggravated felony conviction. He asserts that his future deportation is significant because his deportation renders him ineligible for a sentence reduction based on drug abuse treatment or time served in a community confinement center. He argues that a sentence of 120 months of imprisonment would have been sufficient to deter him from future criminal activity, and his sentence is excessive and substantively unreasonable because it is greater than 120 months' imprisonment.

"We review the final sentence imposed by the district court for reasonableness." *United States v. Agbai*, 497 F.3d 1226, 1229 (11th Cir. 2007). Recently, the Supreme Court clarified that the reasonableness standard means review of sentences for abuse of discretion. *Gall v. United States*, 552 U.S. __, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). The district court must impose a

2

sentence that is both procedurally and substantively reasonable. *Id.* at ___, 128 S. Ct. at 597. We review the substantive reasonableness of the sentence imposed to determine whether the sentence is supported by the 18 U.S.C. § 3553(a) factors. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)).

"[T]here is a range of reasonable sentences from which the district court may choose." *Id.* at 788. Although we do not apply a presumption of reasonableness to a sentence within the advisory guideline range, we will ordinarily expect such a sentence to be reasonable. *Id.* "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Id.* The relationship between the sentence imposed and the statutory maximum informs whether a sentence is

3

reasonable. *See United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005) (noting the defendant's within-guidelines reasonable sentence was one tenth of the statutory maximum). The weight given to particular sentencing factors is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

We conclude from the record that Fernandez's sentence is substantively reasonable because the district court considered the sentencing factors, including the guidelines range, the just punishment, and the need to deter future criminal conduct. Accordingly, we affirm Fernandez's sentence.

**AFFIRMED.**